LINDA BALDWIN JONES, Bar No. 178922
LISL SOTO, Bar No. 261875
RYAN B. KADEVARI, Bar No. 302957
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  lbjones@unioncounsel.net
        lsoto@unioncounsel.net
        rkadevari@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the OPERATING ENGINEERS LOCAL 501 SECURITY FUND; and THE BOARD OF TRUSTEES, in their capacities as Trustees of the CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS,<br><br>Plaintiffs,<br><br>v.<br><br>WILSON 5 SERVICE COMPANY, INC.,<br><br>Defendant. | No.<br><br>COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185) |

Plaintiffs complain of Defendant, and for cause of action allege:

**<u>JURISDICTION AND INTRADISTRICT ASSIGNMENT</u>**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district court since contributions are due and payable in the County of Los Angeles.  Therefore, intradistrict venue is proper.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

## PARTIES

II.

At all times material herein, Operating Engineers Local 501 Security Fund and The Central Pension Fund of The International Union of Operating Engineers (hereinafter collectively referred to as the "Trust Funds" or "Funds") were, and now are, employee benefit plans created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and multi-employer employee benefit plans within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreement. The above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs".

III.

At all times material herein, Wilson 5 Service Company, Inc., (hereinafter referred to as "Defendant" or "Wilson 5") was a Corporation organized under the laws of the State of Maine. Defendant has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185). Wilson 5, a Maine Corporation, is doing business in California.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

IV.

At all relevant times, Defendant was signatory and bound to a written Collective Bargaining Agreement with the International Union of Operating Engineers Local No. 501 (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185). A true and correct copy of the Collective Bargaining Agreement is attached hereto as **Exhibit "A".** In addition, the Defendant was also signatory and bound to a "Subscriber's Participation Agreement" with the Union and the Operating Engineers Local 501 Security Fund. A true and correct copy of the Subscriber's Participation Agreement is attached hereto as **Exhibit "B".** In addition to the two

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

aforementioned Agreements, Defendant was further bound to a Participating Agreement between Defendant, the Union, and the Central Pension Fund of The International Union of Operating Engineers. A true and correct copy of the Participating Agreement is attached hereto as **Exhibit "C".** The Agreements by their terms incorporates the Trust Agreements establishing each of the Trust Funds. Pursuant to the Collective Bargaining Agreement and Subscriber's Participating Agreement, Defendant agreed to remit monthly contributions to the Operating Engineers Local 501 Security Fund for employees performing covered work and that it would be further subject to and bound by all of the terms, provisions, and conditions of the Trust Agreement as incorporated by the terms of the Agreement. In addition, pursuant to the Collective Bargaining Agreement and Participating Agreement, Defendant promised that it would contribute and pay to the Central Pension Fund of The International Union of Operating Engineers the hourly amounts required by said Agreements for each hour paid for or worked by any of its employees who performed any work covered by said Agreements and that it would be further subject to and bound by all of the terms, provisions, and conditions of the Trust Agreement as incorporated by the terms of the Agreement.

V.

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. The Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, audit costs, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as required by the Agreements and law.

///

///

///

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

VI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

VII.

Pursuant to the Agreements and the Trust Agreements, an audit of the books and records of Defendant for the period of October 1, 2012 to October 31, 2016 was conducted. The results of said audit revealed that fringe benefit contributions to the Trust Funds have not been submitted as required by said Agreements.

VIII.

Written demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit; however, Defendant has neglected, refused, and failed to pay such amounts and there is now due, owing and unpaid to Plaintiff Operating Engineers Local 501 Security Fund contributions in the sum estimated to be at least $7,423.89 plus interest in an amount that continues to accrue and liquidated interest equal to 20% of said delinquent contributions to the Operating Engineers Local 501 Security Fund. Furthermore, Defendant owes Plaintiff Central Pension Fund of the International Union of Operating Engineers contributions in the sum estimated to be at least $7,936.75, plus liquidated damages of at least $1,190.51, and interest in the amount of $1,013.82, which continues to accrue.

IX.

Plaintiffs are the intended third-party beneficiaries of the Collective Bargaining Agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provisions of the Collective Bargaining Agreement.

X.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable Agreements.

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

XI.

Plaintiffs are entitled to reasonable attorneys' fees, liquidated damages, interest, audit costs, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

### SECOND CLAIM FOR RELIEF
### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)

XII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIII.

Defendant has failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Collective Bargaining Agreement and Trust Agreements, and has caused Plaintiffs actual damages to be proven at the time of trial.

### THIRD CLAIM FOR RELIEF
### (AUDIT)

XIV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XV.

Plaintiffs believe that additional amounts may be due and owing and also pray for an audit to determine same.

**WHEREFORE**, Plaintiffs pray judgment against Defendant, Wilson 5 Service Company, Inc., as follows:

1. That Defendant be ordered to pay contributions in the amount of $7,423.89 to the Operating Engineers Local 501 Security Fund, and $7,936.75 to the Central Pension Fund of the International Union of Operating Engineers;;

2. That Defendant be ordered to pay liquidated damages and interest in the sum estimated to be at least $634.15 to the Operating Engineers Local 501 Security

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

1  Fund, and interest and liquidated damages estimated to be at least $2,204.33 to the
2  Central Pension Fund of the International Union of Operating Engineers;

3. That Defendant be ordered to pay actual damages according to proof;

4. That this Court issue an Order directing and permanently enjoining Defendant to submit to the Trust Funds, all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

5. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2));

6. That Defendant be ordered to pay attorney's fees;

7. That Defendant be ordered to pay costs of suit herein;

8. That this Court grant such further relief as this Court deems just and proper; and

9. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amounts found due and owing.

Dated: November 16, 2018

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
RYAN B. KADEVARI
Attorneys for Plaintiffs

143098\994537

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.